UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Plaintiff's motion for final approval and GRANTS IN PART Plaintiff's motion for attorneys' fees and costs and an incentive award.**

Before the Court is Plaintiff Victor Vasquez's ("Plaintiff") motion for final approval of the class action settlement, as well as an award of attorneys' fees and costs and a class representative incentive award. *See Motion for Final Approval of Class Settlement*, Dkt. # 41 ("*Mot.*"); *Motion for Attorneys' Fees*, Dkt. # 40 ("*Fees Mot.*"). Defendant Packaging Corporation of America ("Defendant") does not oppose. The Court conducted a fairness hearing on August 17, 2020. Having considered the submissions, the Court **GRANTS** Plaintiff's motion for final approval and **GRANTS IN PART** Plaintiff's motion for attorneys' fees and costs and an incentive award.

I.  Background

On January 15, 2019, Plaintiff initiated this putative wage and hour class action by filing a complaint in Los Angeles Superior Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). Plaintiff alleged the following causes of action: (1) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) failure to pay overtime wages in violation of Cal. Labor Code §§ 510, et seq.; (3) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order; (4) failure to provide rest periods in violation of Cal. Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order; (5) failure to provide accurate itemized wage statements in violation of Cal. Labor Code § 226; and (6) failure to pay wages when due in violation of Cal. Labor Code §§ 201, 202, and 203. *See Motion for Preliminary Approval of Class Settlement*, Dkt. # 35 ("*Prelim. Approval Mot.*") 2:22–28; *Complaint*, Dkt. # 1-1 ("*Compl.*"). Defendant answered the complaint, denying all material allegations and asserting forty affirmative defenses. *See* Dkt. # 1-4. On March 15, 2019, Defendant removed the action to this Court. *See generally NOR*. Subsequently, Plaintiff moved to remand the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

action, and Defendant opposed. *See* Dkts. # 19, 21. The Court denied the motion to remand. *See* Dkt. # 26.

On October 1, 2019, the parties engaged in private mediation before Hon. William J. Cahill. *See Prelim. Approval Mot.* 4:5–6; *Declaration of Kyle Nordrehaug*, Dkt. # 35-2 ("*Nordrehaug Decl.*"), ¶ 12. The mediation included discussion and examination of the parties' respective positions on the legal and factual issues raised, and after arms-length negotiations, at the conclusion of the mediation the parties agreed to a settlement ("Settlement Agreement"). *See Nordrehaug Decl.* ¶ 12. The settlement class (the "Class" or "Class Members") is defined as:

> "all individuals who are or previously were employed by Defendant Packaging Corporation of America and classified as non-exempt employees in California at any time during the period January 15, 2015 through January 1, 2020."

*Id.*, Ex. 1 ("*Settlement Agreement*"), ¶ 2.4. The Settlement Period is January 15, 2015 through January 1, 2020. *Id.* ¶ 2.34.

In his preliminary motion, Plaintiff asked the Court to (1) grant preliminary approval of the Settlement Agreement, (2) conditionally certify the proposed Class, (3) appoint Plaintiff as Class Representative; (4) appoint Plaintiff's counsel as Class Counsel, (5) schedule a hearing date for final approval of the settlement and entry of judgment, (6) appoint KCC Class Action Services as the Settlement Administrator, and (7) approve the proposed Class Notice. *See generally Prelim. Approval Mot*.

On March 27, 2020, the Court granted Plaintiff's motion for preliminary approval of the class action settlement. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 39 ("*Prelim. Order*") at 17. The Court (1) preliminarily approved the Settlement, (2) certified the class for settlement purposes only, (3) appointed Plaintiff as Class Representative, (4) appointed Blumenthal Nordrehaug Bhowmik De Blouw LLP as Class Counsel, (5) scheduled a hearing date for final approval of the settlement and entry of judgment for August 17, 2020, (6) appointed KCC, LLC, as the Settlement Administrator, (7) and approved the proposed Class Notice. *See id.* at 6, 17.

The Court also ordered Plaintiff to file, in addition to the motion for final approval of class action settlement, memoranda with the following information: (1) a detailed breakdown of the Gross Settlement Amount, including expenses, fees, and taxes; (2) support for the propriety of the Settlement Agreement's Fair Labor Standards Act ("FLSA") release; (3) Defendant's estimated total liability on *all* of Plaintiff's claims, including claims that were absent in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

calculation at the preliminary approval stage; (4) a justification for Class Counsel's requested attorneys' fees and costs; (5) a justification for Plaintiff's requested incentive award; and (6) an explanation regarding why the named *cy pres* recipient was selected and whether any conflicts of interest exist. *See id.* at 18.

Plaintiff now moves—unopposed—for final approval of the Settlement Agreement and for an order awarding attorneys' fees and costs and an incentive award. *See generally Mot.*; *Fees Mot.* Specifically, Plaintiff moves for the Court to approve the $1,500,000 Gross Settlement Amount, which includes (1) all payments to Class Members, (2) attorneys' fees for Class Counsel of $500,000, (3) Class Counsel's costs and expenses of $12,495.41, (4) a Class Representative Incentive Award of $10,000 to Plaintiff, (5) Settlement Administration Costs of $30,000, (6) employer's side taxes of $58,650.44, and (7) employee's taxes and required withholdings of $110,055.17. *See Mot.* 7:2–10.

For the reasons set forth below, the Court grants Plaintiff's motion for final approval. The Court also grants in part Plaintiff's motion for fees, costs, and an incentive award, finding that Class Counsel is only entitled to $475,000 in attorneys' fees, and that Plaintiff is only entitled to a $6,000 Class Representative Incentive Award.

II.     Final Approval of the Class Settlement

   A.    Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

*Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").[1]

The district court must approve or reject the settlement, as a whole, after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

B. Discussion

i. *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Here, Plaintiff admits that Defendant had many potential defenses to Plaintiff's claims, and Defendant asserts that it and would have vigorously contested its liability and class certification. For example, in Defendant's view, (1) its meal and break policies were compliant

---

[1] The recent amendments to Rule 23(e)(2) instruct district courts to consider whether: the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats Class Members equitably relative to each other. However, recognizing that each circuit has developed its own vocabulary to express these concerns, the Advisory Committee explained that it did not intend to "displace any factor [used by different circuits], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 amendment. Accordingly, the Court applies the Rule 23(e)(2) factors through the lens of the Ninth Circuit's *Hanlon*/*Staton* factors and existing relevant precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

with the law and that such opportunities were given to employees, (2) California caselaw did not support the Class's claims on liability, value, or class certifiability, and (3) many Class Members' claims are preempted by the Labor Management Relations Act ("LMRA"). *Fees Mot.* 15:22–16:5. Plaintiff would have to overcome all of these issues, and many more, if litigation continued. Accordingly, the Court agrees with Plaintiff that this factor weighs in favor of approving the Settlement Agreement.

> ii. *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

Here, the parties have actively litigated this case for eighteen months. During that time, they have engaged in significant discovery, research, and investigation. *See Prelim. Order* at 5. If the case were to proceed further, substantial fees and costs would be incurred by both parties because Class Counsel would have to (1) complete the discovery process, (2) obtain class certification, and (3) overcome Defendant's defenses, likely at summary judgment. Because the Settlement Agreement eliminates the delay, costs, and uncertainty that further litigation would create, this factor supports approval. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

> iii. *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Order*. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendant would have "forcefully opposed" class certification through trial, *see Mot.* 29:3–5, this factor favors final approval of the Settlement Agreement.

> iv. *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $1,500,000. *See Mot.* 13:19–21. The parties reached this settlement after engaging in adversarial and arms' length mediation. *See Prelim. Order* at 11. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *Aarons v. BMW of N. Am., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court also recognized that Class Members faced a significant risk of recovering nothing, along with substantial additional expenses, if forced to proceed with litigation. *See Prelim. Order* at 13.

However, the Court was concerned that the Settlement Agreement was based on an estimated total damage valuation that included only some of Plaintiff's claims. *See id.* Therefore, it requested additional information about the estimated total value of all of Plaintiff's claims. *See id.*

Plaintiff responds that the Court has already ruled, in denying the motion to remand to state court, that Plaintiff's overtime claim was completely preempted by the LMRA. *See Declaration of Norman Blumenthal*, Dkt. # 41-2 ("*Blumenthal Decl.*"), ¶ 8(e). Moreover, Plaintiff asserts that his overtime claims under California Labor Code § 510 would effectively be barred if California Labor Code § 514 applies to his claims, and the Court, in denying the motion to remand, already ruled that § 514 applies. *See id.* Therefore, Plaintiff states that the reasonable value of his overtime claim was nominal. *See id.*

Additionally, while Plaintiff acknowledges that the maximum value of the wage statement and waiting time claims, which were previously omitted from the total value calculation, is $5,035,670, he argues that this value should not be considered when calculating the total damage valuation because (1) these claims were largely derivative of the preempted overtime claim, and (2) the likelihood of success on these claims, due to various defenses and other issues, is very uncertain. *See id.* ¶ 8(e) & n.1.

The Court disagrees. While Plaintiff's argument for excluding the overtime claims from the estimated total damage valuation possesses some merit, he has not presented a clear,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

persuasive justification for excluding the wage statement and waiting time claims. Therefore, the estimated total damage valuation of Plaintiff's claims is $12,035,670, and the Gross Settlement Amount of $1,500,000 represents 12.5 percent of that amount. While this is certainly on the low end of the spectrum of awards that have received approval, courts in this Circuit have approved settlements with lower percentages. *See, e.g.*, *Ma v. Covidien Holding, Inc.*, No. SACV 12–02161–DOC, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014) (approving settlement for 9.1 percent of total estimated value of claims); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13–cv–02540–HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (approving 10 percent).

Moreover, all of Plaintiff's claims—but, particularly, the additional claims that are now included in the estimated total damage valuation—were subject to legitimate dispute, and therefore the estimated total damage valuation in this case is likely significantly higher than the amount Plaintiff could actually recover if litigation continued. *See Fees Mot.* 15:22–16:7; *Blumenthal Decl.* ¶ 8(a)–(b), (e). Therefore, Plaintiff's expeditious settlement of this matter in a manner favorable to the Class supports a finding that a low-end settlement is reasonable.

> v.   *Extent of Discovery Completed and Stage of the Proceedings*

This next factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of his case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, the parties have engaged in extensive discovery. Class Counsel thoroughly reviewed documents and data with expert assistance. *Mot.* 20:21–28. Moreover, at the time of mediation, which ultimately resulted in the Settlement Agreement, Plaintiff possessed enough information to be actively preparing a motion for class certification. *Id.* 20:21–28. These efforts suggest that the parties were well informed and had sufficient information to assess the merits of their claims. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement).

Accordingly, the Court is confident that Plaintiff had enough information to make an informed decision about the settlement, after arm's length negotiation and mediation, based on the strengths and weaknesses of the case. This factor weighs in favor of granting approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

      *vi.*    *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

Here, Class Counsel has extensive experience handling consumer and employment class action cases. *See Mot.* 23:19–28; *Blumenthal Decl.* ¶ 2. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

      *vii.*    *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

      *viii.*    *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, none of the Class Members who received the Class Notice objected to the Settlement, and only four Class members (out of more than 1,400) timely requested exclusion. *Blumenthal Decl.* ¶ 4. Accordingly, this factor weighs in favor of final approval.

Case 2:19-cv-01935-PSG-PLA Document 44 Filed 08/17/20 Page 9 of 20 Page ID #:1384

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

        ix.    *Propriety of the Fair Labor Standards Act Release*

In its preliminary order, the Court expressed doubts that the Settlement Agreement's Fair Labor Standards Act ("FLSA") release was proper. The Court noted that "courts in this Circuit have routinely held that 'only class members who affirmatively "opt in" to [a] Settlement shall be bound by its release of liability under the FLSA.'" *See Prelim. Order* at 10 (quoting *La Parne v. Monex Deposit Co.*, No. SACV 08-0302 DOC (MLGx), 2010 WL 4916606, at *3 (C.D. Cal. Nov. 29, 2010)). However, as it was written at the preliminary approval stage, the Settlement Agreement included a FLSA release for Class Members who did not opt-*out*, which made it arguably improper.

In response to the Court's order, the Parties entered into an addendum to the Settlement Agreement, which provides that each settlement check will contain a statement that "I understand that by cashing, depositing, or otherwise negotiating this check I will be deemed to have opted into *Vasquez v. Packaging Corporation of America* (Case No. 2:19-CV-01935-PSG-PLA) for purposes of [the FLSA] to the extent required to do so under applicable law for purposes of the court-approved settlement therein." *Mot.* 8:8–18. According to Plaintiff, under this addendum, Class Members who do not cash, deposit, or otherwise negotiate their checks will not have released any potential FLSA claims, except to the extent that *res judicata* might preclude those claims because state law and the FLSA overlap. *Id.* 8:18–22. Because "[c]ourts in the Ninth Circuit have found such FLSA waivers enforceable where there is no concern that the settlement agreement adequately compensates the class for the release of all claims," *see Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG (FFMx), 2019 WL 6138467, at *7 n.2 (C.D. Cal. July 9, 2019), and the Court finds that the Settlement Agreement is adequate, the Settlement Agreement—with its new addendum—contains a proper FLSA waiver.

    C.    <u>Conclusion</u>

Having reviewed the relevant factors and finding that they all favor approval, the Court **GRANTS** Plaintiff's motion for final approval of the class action settlement.

III.    <u>Attorneys' Fees, Costs, and Incentive Award</u>

Plaintiff moves for (1) an award of attorneys' fees in the total amount of $500,000 for Class Counsel, (2) reimbursement of $12,495.41 in costs incurred by Class Counsel, and (3) a $10,000 incentive award for Plaintiff. *See generally Fees Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

    A.    <u>Attorneys' Fees</u>

        *i.*    *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–*5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

        *ii.*    *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award. *See id.* at 942. The percentage can vary, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $500,000, or one-third of the Gross Settlement Amount. *Fees Mot.* 7:13–14. Because Plaintiff asks the Court to depart from the "benchmark" of 25 percent, the Court must evaluate each of the five factors set out in *Vizcaino. See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check the reasonableness of the award using the lodestar method.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

    *a.*    *Percentage of the Common Fund Method*

When assessing fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048–50).

    *1.*    *Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.* In this case, Plaintiff recovered 12.5 percent of the total estimated potential recovery, and no class member objected to the settlement terms. *See Blumenthal Decl.* ¶ 4, *supra* Part II.B.iv. The average individual settlement share is approximately $659.91, which provides significant, immediate monetary relief to the Class Members, and the largest award is approximately $1,501.05. *See Mot.* 7:8–10. Although the award represents a relatively low percentage of the total estimated potential recovery for the Class, many of the claims faced substantial obstacles if litigation continued, as discussed in Part II. Therefore, the *actual* estimated recovery for the Class is significantly lower than the *maximum* estimated value of the claims. Accordingly, this factor tips—albeit, at most, slightly—in favor of an increase over the 25 percent benchmark.

    *2.*    *Risk of Litigation*

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case).

Here, the Court agrees that Class Counsel would have faced substantial obstacles because Defendant (1) would have "forcefully opposed" Plaintiff's claims and (2) possessed various arguably meritorious defenses, which would have precluded liability or substantially reduced Plaintiff's recovery. *See Mot.* 29:3–5. For example, Defendant claimed (a) that its meal and break policies were compliant with the law and that such opportunities were given to employees, (b) that California caselaw did not support the Class's claims on liability, value, or class certifiability, and (c) that many Class Members's claims are preempted by the LMRA. *Fees Mot.* 15:22–16:5. And, even if the Class successfully overcame these defenses, they could have

Case 2:19-cv-01935-PSG-PLA Document 44 Filed 08/17/20 Page 12 of 20 Page ID #:1387

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

substantially reduced the amount the Class ultimately recovered at trial. *Id.* 16:3–7. Finally, failing to settle carried the risk that the class would not have been able to obtain and maintain certification through trial. *Id.* 16:8–16. The Court finds that these significant risks support an upward departure from the 25 percent benchmark.

### 3. *Skills Required and Quality of Work*

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. As discussed elsewhere, Class Counsel conducted discovery and successfully negotiated a settlement via mediation. Moreover, Class Counsel was able to do so quickly despite Defendant's numerous claimed defenses and adamant denial of liability. *Fees Mot.* 10:9–28, 17:6–8. On balance, the skill displayed by Class Counsel in swiftly overcoming the obstacles they faced weighs slightly in favor an upward departure from the 25 percent benchmark.

### 4. *Contingent Nature and Plaintiff's Financial Burden*

Class Counsel worked this matter on a contingency fee basis, forsaking hourly compensable work to represent the Class, and assuming the risk that they would be entitled to no compensation if the Class failed to recover. *Id.* 11:6–11. Moreover, they were required to advance all of the costs of the litigation, which to date has amounted to more than $12,000. *Id.* 19:3. Because they have faced the risk of walking away with nothing after investing somewhat substantial resources in this matter, the Court finds that this factor favors an upward departure.

### 5. *Awards Made in Similar Cases*

In support of their attorneys' fees request, Class Counsel cite to several federal wage and hour cases in California where courts have departed from the 25 percent benchmark. *See id.* 5:12–6:2. The Court finds that the award in this settlement is consistent with awards in similar cases. *See, e.g.*, *Brown v. CVS Pharmacy, Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *6–*7 (C.D. Cal. Apr. 24, 2017) (awarding 30 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-4149 MMM (SH), 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (awarding 34 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *12 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30 percent of the settlement fund); *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575, at *10 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33 percent of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

common fund); *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("nearly all common fund awards range around 30%"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer v. Beckton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33 percent). These similar fee awards in other wage and hour class action cases also weigh in favor of an upward departure.

The Court finds that, in light of all the factors, Class Counsel's request for a one-third of the settlement amount is reasonable. However, the Court will cross-check the reasonableness of the award using the lodestar method.

### b. *Lodestar Method*

The lodestar method is a way for the Court to cross-check the reasonableness of a fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel state that the lodestar amount is $273,655, which is based on 444.05 hours of attorney work. *See Fees Mot.* 22:15–23; *Second Declaration of Kyle Nordrehaug*, Dkt. # 40-2 ("*Nordrehaug Decl. II*"), ¶ 8 & Ex. 3. In support of this figure, they submitted detailed timekeeping statements from the attorneys and paralegals who worked on the case. *See Nordrehaug Decl. II* ¶ 8 & Ex. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

| **Name** | **Position** | **Hours** | **Rate** | **Fees** |
|---|---|---|---|---|
| A.J. Bhowmik | Partner | 85.50 | $ 695 | $ 59,422.50 |
| Charlotte James | Associate | 1 | $ 475 | $ 475 |
| Heather Drosi | Paralegal | 10.70 | $ 250 | $ 2,675 |
| Jeff Herman | Associate | 4.50 | $ 475 | $ 2,137.50 |
| Kyle Nordrehaug | Partner | 91.95 | $ 750 | $ 68,962.50 |
| Norman Blumenthal | Partner | 52.25 | $ 795 | $ 41,538.75 |
| Nick Deblouw | Partner | 65.50 | $ 575 | $ 37,662.50 |
| Piya Mukherjee | Associate | 71.80 | $ 475 | $ 34,105 |
| Rico Ehmann | Associate | 24.05 | $ 475 | $ 11,423.75 |
| Scott Blumenthal | Paralegal | 9.90 | $ 250 | $ 2,475 |
| Victoria Rivapalacio | Associate | 26.90 | $ 475 | $ 12,777.50 |
| **Total** | | **444.05** | | **$ 273,655** |

*1.     Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charge rates of between $250 and $795 for all work performed. *See Nordrehaug Decl. II* ¶ 8. The Court turns to the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2018 Real Rate Report offers several relevant data points for fees in the Central District. In Los Angeles, partners have an hourly rate ranging from $450 to $955, and associates from $382 to $721. *See Real Rate Report* at 27. However, for Los Angeles attorneys who practice labor and employment law, partners have a slightly lower average hourly rate of between $456 and $716, and associates between $345 and $540. *See id.* at 76. In addition, paralegals in the labor and employment practice area earn an average hourly rate between $142 and $227. *See id.* at 12. Thus, Class Counsel's requested rate of $795 for Blumenthal appears higher than that of his counterparts in the community. The Court therefore adjusts his rate down to $750.

2. Hours

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel have spent 444.05 hours on this litigation over the course of the past eighteen months. As discussed at length above, Counsel investigated the claims thoroughly, performed interviews with expert assistance, conducted discovery, prepared a motion for class certification, and ultimately negotiated a settlement. *See Prelim. Order* at 5; *Mot.* 20:21–28. After reviewing the itemized billing records Class Counsel submitted, and considering the duration and scope of this case, the Court finds that the 444.05-hour figure is reasonable.

3. Lodestar Cross-Check

The Court recalculates Class Counsel's lodestar as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

| Name | Position | Hours | Original Rate | Adjusted Rate | Original Fees | Adjusted Fees |
|---|---|---|---|---|---|---|
| A.J. Bhowmik | Partner | 85.50 | $ 695 | $ 695 | $ 59,422.50 | $ 59,422.50 |
| Charlotte James | Associate | 1 | $ 475 | $ 475 | $ 475 | $ 475 |
| Heather Drosi | Paralegal | 10.70 | $ 250 | $ 250 | $ 2,675 | $ 2,675 |
| Jeff Herman | Associate | 4.50 | $ 475 | $ 475 | $ 2,137.50 | $ 2,137.50 |
| Kyle Nordrehaug | Partner | 91.95 | $ 750 | $ 750 | $ 68,962.50 | $ 68,962.50 |
| Norman Blumenthal | Partner | 52.25 | $ 795 | $ 750 | $ 41,538.75 | $ 39,187.50 |
| Nick Deblouw | Partner | 65.50 | $ 575 | $ 575 | $ 37,662.50 | $ 37,662.50 |
| Piya Mukherjee | Associate | 71.80 | $ 475 | $ 475 | $ 34,105 | $ 34,105 |
| Rico Ehmann | Associate | 24.05 | $ 475 | $ 475 | $ 11,423.75 | $ 11,423.75 |
| Scott Blumenthal | Paralegal | 9.90 | $ 250 | $ 250 | $ 2,475 | $ 2,475 |
| Victoria Rivapalacio | Associate | 26.90 | $ 475 | $ 475 | $ 12,777.50 | $ 12,777.50 |
| **Total** | | **444.05** | | | **$ 273,655** | **$ 271,303.75** |

This adjusted lodestar of $271.303.75 is less than the requested award of $500,000, which represents the lodestar with a 1.84 multiplier. However, at the fairness hearing conducted by the Court on August 17, 2020, Class Counsel informed the Court that it had expended an additional $25,000 worth of time on this matter since it submitted its declarations, and estimated that it would spend $10,000 more following the Court's final approval of the settlement. Adding this $35,000 to the adjusted lodestar calculation results in a final lodestar of $306,303.75. The requested award of $500,000 would represent the final lodestar with a 1.63 multiplier.

Courts in this Circuit have approved awards with similar multipliers. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *Singh v. Roadrunner Intermodal Servs., LLC*, No. 1:15–cv–01497–DAD–BAM, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) (finding that a multiplier of approximately 2.03 is "clearly in the range that courts have found to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

acceptable"); *Brulee v. DAL Global Servs., LLC*, No. CV 17–6433 JVS(JCGx), 2018 WL 6616659, at *11 (C.D. Cal. Dec. 13, 2018) (finding a multiplier of 1.68 or 1.72 reasonable).

However, as noted above, this matter was settled for a relatively low percentage of the total estimated damage valuation—12.5 percent—and it was settled quickly—i.e., with less investment of time and resources by Class Counsel than in many other cases. Therefore, the 1.63 multiplier strikes the Court as slightly disproportionate, and it undermines the Court's conclusion that, under the percentage of the common fund method, the requested fee is reasonable.

As such, the Court finds that an appropriate fee award is less than the requested one-third of the gross settlement. However, the Court's analysis of the percentage of the common fund method suggests that an upward variance from the 25 percent benchmark is also appropriate. Therefore, to reconcile these points, the Court finds that a $475,000 fee award, which represents 31.7 percent of the gross settlement and a 1.55 lodestar multiplier, is appropriate.

Accordingly, given the Court's consideration of the relevant factors set forth by the Ninth Circuit and the lodestar cross-check, the Court finds that a fee award of $475,000, or 31.7 percent of the gross settlement fund, is reasonable under the circumstances.

B.     Litigation Costs

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $12,495.41. *See Mot.* at 7:2–10. This includes expenses for (1) filing documents, (2) mediation, (3) expert witnesses, (4) attorney service charges, (5) legal research, (6) travel, and (7) delivery charges. *Fees Mot.* 24:7–12. As Class Counsel notes, these costs are normally paid by clients. *Id.* 24:9–10. The Court has reviewed the accounting records and is satisfied that the costs are reasonable. The Court also notes that no Class Member has objected to the requested litigation costs. Therefore, the Court **GRANTS** the request for costs in the total amount of $12,495.41.

C.     Incentive Award

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). When considering requests for incentive awards, courts consider five principal factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Here, Plaintiff requests an incentive award of $10,000. *See Nordrehaug Decl. II* ¶ 10. This award request amounts to 0.6 percent of the total Settlement.

Plaintiff was a part of this litigation from the very beginning and participated throughout, including in mediation. *See Fees Mot.* 24:21–25:10. Additionally, Plaintiff, who participated in the lawsuit as an employee of Defendant's, risked retaliation by both his then and future employers. *Nordrehaug Decl. II* ¶ 10.

However, the Court finds that the requested incentive award is disproportionate when compared to the average net recovery per class member. Given the estimated individual settlement share of $659.91 to each participating class member, Plaintiff's individual incentive award reflects more than fifteen times the average recovery.[2] Plaintiff has not provided sufficient justification for such a disparity. For example, there is no evidence that Plaintiff's role in this case actually caused him to incur substantial financial or personal burden. *Cf. Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267–68 (N.D. Cal. 2015) (finding a substantial award was appropriate where Plaintiff's participation in the case resulted in lost job opportunities and prospective employers had sent Plaintiff correspondence indicating that his application was rejected because of the pending litigation). Therefore, the Court finds that an incentive award of $6,000, which is still more than nine times the average settlement share as it is currently calculated, is more appropriate.

Accordingly, the Court **GRANTS** Plaintiff's request for an incentive award, but reduces the amount to $6,000.

---

[2] The Court notes that the reduced attorneys' fee award will alter these figures slightly. Such small changes do not affect the Court's reasoning or conclusion concerning the incentive award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

    D.    Settlement Administration Amount

Plaintiff proposes to pay KCC, LLC $30,000 for administering the Settlement. *See Mot.* 7:2–10. This request is reasonable given the class size of more than 1,400 and the costs and expenses associated with administering the notices and distributing the awards to the claimants. *See Gundersen v. Lennar Assocs. Mgmt., LLC*, No. CV-09-02270-CRB, 2011 WL 13250651, at *2 (N.D. Cal. Oct. 25, 2011) (approving a $25,000 claims administrator fee).

    E.    Cy Pres

If a non-active class member does not claim their amount of the settlement funds, any unclaimed amounts will be disbursed *cy pres* to the Interdisciplinary Center for Healthy Workplaces ("ICHW"). *Mot.* 9:10–13. The Ninth Circuit requires all such *cy pres* distributions to (1) address the objectives of the underlying statutes; (2) target the plaintiff class; and (3) provide reasonable certainty that any member will be benefitted. *Naschin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).

The ICHW is an entity within the University of California at Berkeley, which is a public, non-profit institution. *See Blumenthal Decl.* Ex. 4. Among its programs, the ICHW benefits employees by educating employers and working with organizations to secure "[r]egulatory compliance regarding wage/hour, employment, and occupational health and safety laws." *See id.* As such, the Court finds that the *cy pres* distribution to the ICHW meets the Ninth Circuit's standard because it addresses the objectives of federal and state labor laws—specifically, helping ensure that employers comply with those laws—and class members may indirectly benefit from its efforts.

Separately, in its preliminary order approving the class settlement, the Court ordered Plaintiff to brief whether he or Class Counsel have conflicts of interest with the ICHW. *See Prelim. Order* at 18. In response, Class Counsel states that the ICHW was selected specifically because the attorneys and parties do *not* have any affiliation with the organization. *See Blumenthal Decl.* ¶ 9(e); *Mot.* 9:13–17. The Court is thus satisfied that no conflicts exist.

IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement, and **GRANTS IN PART** Plaintiff's request for an award of attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1935 PSG (PLAx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Victor Vasquez v. Packaging Corporation of America, et al. | | |

    i.    The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

    ii.    Class Counsel are awarded $475,000 in attorneys' fees and $12,495.41 in costs. Additionally, Plaintiff is awarded a $6,000 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

    iii.    The Court approves payment in the amount of $30,000 to KCC, LLC for settlement administration costs.

    iv.    Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED.**